IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| HILL-ROM SERVICES, INC., | ) | |
| HILL-ROM COMPANY, INC., | ) | |
| HILLENBRAND INDUSTRIES, INC., | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:03CV1227 |
| | ) | |
| VERSUS TECHNOLOGY, INC., | ) | |
| A4 HEALTH SYSTEMS, INC., | ) | |
| HEALTHCARE INFORMATION | ) | |
| TECHNOLOGY, INC., SURGICAL | ) | |
| INFORMATION SYSTEMS, LLC., | ) | |
| Defendants. | ) | |
| | ) | |

MEMORANDUM ORDER

TILLEY, Chief Judge

This case is now before the Court on Defendants' Joint Motion to Dismiss Counts II-VI of Plaintiffs' Amended Complaint ("Motion to Dismiss Counts II-VI") [Doc. #7], Plaintiffs' Motion to Strike Portions of Declaration of Gary T. Gaisser ("Motion to Strike") [Doc. #35], and Plaintiffs' Motion for Leave to File a Surreply to Defendants' Reply Memorandum in Support of Its Motion to Dismiss Counts II-VI of Plaintiffs' Amended Complaint ("Motion to File Surreply") [Doc. #40]. For the reasons set out here, Defendants' Motion to Dismiss Counts II-VI, Plaintiffs' Motion to Strike, and Plaintiffs' Motion for Leave to File Surreply are DENIED. This case was filed on December 20, 2003. On April 7, 2004, Plaintiff Hill-Rom Services, Inc., amended the complaint to add Plaintiffs Hill-Rom Company, Inc., and Hillenbrand Industries, Inc., as well as counts II through VI. On April 26, 2004,

Defendants filed a Motion to Dismiss Counts II-VI on the basis of the doctrine of federal comity known as the "first-filed" rule. Defendants argue that counts II through VI should be dismissed because they are similar to issues raised in the United States District Court for the Western District of Michigan by virtue of a complaint Versus Technology filed there against Plaintiffs (and others) on March 15, 2004 (case number 1:04CV1116, titled Versus Technology v. Hillenbrand Industries, Inc., Hill-Rom Services, Inc., Hill-Rom Company, Inc., Visonic Technologies, Ltd., Visonic Inc., VT Americas, Inc., and Elpas Electro-Optic Systems, Ltd.). Because the complaint in 1:04CV1116 was filed before the complaint in this case was amended, Defendants assert that 1:04CV1116 was filed first.

On November 23, 2004, the Western District of Michigan transferred 1:04CV1116 here to the Middle District of North Carolina on the basis of the "first-to-file" rule. The Court reasoned that the parties and issues in 1:04CV1116 and the instant case were substantially similar so that having the two cases before one court would best serve the goals of conserving judicial resources and avoiding duplicative litigation. Linking the amended complaint in the instant case back in time to the date of the original complaint in this case, the Michigan Court concluded that the instant case was filed first and transferred 1:04CV1116 here to the Middle District of North Carolina.

In light of the conclusions of the Michigan Court, the Court orders the

2

following:

1. Defendants' Motion to Dismiss Counts II-VI [Doc. #7] is DENIED.

2. Plaintiffs' Motion to Strike [Doc. #35] is DENIED. It was not necessary to consider Mr. Gaisser's Declaration in light of the Michigan Court's order. If Defendants rely on Mr. Gaisser's Declaration at a later stage in the proceedings, Plaintiffs may renew their motion at that time.

3. Plaintiffs' Motion to File Surreply [Doc. #40] is DENIED. Surreplies are generally disfavored, and in any case one is not necessary in this instance.

4. The parties are directed to address the Court within ten (10) days to show why all the claims in this case should not be consolidated with the claims in 1:04CV1116 into a single case before this Court.

This the day of July 12, 2005

    /s/ N. Carlton Tilley, Jr.
United States District Judge